SANFORD JAY ROSEN – 062566
  srosen@rbgg.com
JENNY S. YELIN – 273601
  jyelin@rbgg.com
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:   (415) 433-6830
Facsimile:   (415) 433-7104

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ISABELLE BROCAS and JUAN D. CARRILLO,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

[4342997.1]

COMPLAINT

Plaintiffs ISABELLE BROCAS ("Brocas") and JUAN D. CARRILLO ("Carrillo") (collectively, "Plaintiffs") allege against Defendants UNIVERSITY OF SOUTHERN CALIFORNIA and DOES 1-10 inclusive (collectively, "USC" or "Defendants") as follows:

## INTRODUCTION

1. In July 2003 Professors Isabelle Brocas and Juan Carrillo joined USC as respectively an untenured Assistant Professor and tenured Associate Professor in the Economics Department. Both are now tenured Full Professors. They were married when they joined and remain married and have two teenage children. Both of them individually, and as a couple, have been subjected to pervasive unlawful discrimination and retaliation at USC.

2. Prof. Brocas was the only female faculty to have reached the rank of full professor in the male-dominated USC Economics Department from 2003 until late May 2023, and may have been the only one to ever reach that rank until May 2023. Prof. Brocas has long been denied equal pay, faced discrimination based on sex and marital status, and she is suffering ever increasing retaliation for reporting these violations. Prof. Carrillo has faced discrimination based on marital status and associational sex discrimination, and is also suffering ever increasing retaliation both for reporting these violations and for supporting his wife.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4), because some of Plaintiffs' claims are pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e et seq. and 29 U.S.C. § 206(d). The Court has supplemental jurisdiction over Plaintiffs' California law claims under 28 U.S.C. § 1367(a).

4. Defendants are subject to personal jurisdiction in this Court because Defendants have sufficient minimum contacts in California, as they operate a university in California.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because both plaintiffs resides in this district, in Los Angeles County, one or more defendants reside in this district, in Los Angeles County, and a substantial part of the events or omissions giving rise to the claims occurred in this district, in Los Angeles County.

**PARTIES**

6.     Plaintiff ISABELLE BROCAS is an individual residing in Los Angeles, California.  Plaintiff BROCAS has been employed as a professor of Economics at USC since 2003.  She is currently a Full Professor.  She is married to Plaintiff CARRILLO.

7.     Plaintiff JUAN D. CARRILLO is an individual residing in Los Angeles, California.  Plaintiff CARRILLO has been employed as a professor of Economics at USC since 2003.  He is currently a Full Professor.  He is married to Plaintiff BROCAS.

8.     Defendant UNIVERSITY OF SOUTHERN CALIFORNIA is a California non-profit corporation with its principal place of business in Los Angeles, California.  At all times mentioned in this complaint, USC has employed more than 5 people.

9.     Plaintiff does not know the true names and capacities of those Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those Defendants by such fictitious names.

10.     Plaintiff will amend this Complaint to allege the true names and capacities of the Defendants sued herein as DOES 1 through 10 whenever they are ascertained.

11.     Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants sued herein as DOES 1 through 10, inclusive, is in some manner legally responsible for the wrongful acts and/or omissions alleged herein.

12.     Plaintiff is informed and believes, and on that basis alleges, that each of

the Defendants acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and proximately caused damage and injury thereby to Plaintiff as alleged herein.

13.     At all times herein mentioned, each of Defendants, including DOES 1 through 10, were agents, employees, supervisors, employers, alter egos, and/or joint venturers of these Defendants, and were acting both individually and in the course and scope of such relationship, and/or as integrated enterprises and/or joint employers, with knowledge and/or consent of the remaining Defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.     Plaintiffs will have fully and timely exhausted all necessary administrative remedies prior to the filing of their First Amended Complaint.

15.     The California Civil Rights Department ("CRD") issued a complaint and initiated an investigation of Plaintiff BROCAS's claims for gender discrimination and retaliation on March 9, 2023.  Plaintiff BROCAS decided to discontinue the CRD's investigation on August 31, 2023 and instead requested a Right to Sue Notice.  As of the filing of this Complaint, the Right to Sue Notices from the CRD and the EEOC had not yet issued for the March 9, 2023 complaint.

16.     Plaintiff BROCAS subsequently filed a follow-up charge with the EEOC, which was cross-filed with the CRD, covering allegations after the date of her March 9, 2023 charge and her continuing discrimination, unequal pay, and retaliation.  Attached hereto as **Exhibit A** is the Right to Sue Notice for Plaintiff BROCAS from the CRD dated September 1, 2023 for her second charge.

17.     Attached hereto as **Exhibit B** is the Right to Sue Notice for Plaintiff BROCAS from the EEOC, dated September 1, 2023 for her second charge.

18.     Attached hereto as **Exhibit C** are the Right to Sue Notices for Plaintiff CARRILLO from the California CRD.  The first, **Exhibit C1**, is dated February 15, 2023.  The second, **Exhibit C2**, is dated September 1, 2023, and covers a second

charge filed by Plaintiff CARRILLO that included retaliation charges and his continued discrimination.

19. Attached hereto as **Exhibit D** are the Right to Sue Notices for Plaintiff CARRILLO from the Equal Employment Opportunity Commission ("EEOC"). The first (**Exhibit D1**) was digitally signed by the EEOC District Director on May 25, 2023, but postmarked on June 2, 2023, and received by Plaintiff Carrillo's counsel on June 5, 2023. The second (**Exhibit D2**) was issued and received on September 1, 2023, covering Plaintiff CARRILLO's second charge.

## FACTUAL ALLEGATIONS

20. Plaintiffs BROCAS and CARRILLO are world leaders in the fields of behavioral and experimental economics, two subfields of economics. They have both worked at USC since 2003. They are both tenured Full Professors.

21. Until very recently, there were 16 full professors in the USC Economics Department. Plaintiff BROCAS was the only female full professor in the department. In late May 2023, the university promoted another female professor to full professor. That person had been an associate professor from 2000-2023, and had not reached the rank of full professor during that time. Although Plaintiff BROCAS is at the top of her field, she is paid significantly less than the male full professors who have substantially similar qualifications to her. She is paid in the range of male associate professors despite being a full professor.

22. Plaintiff BROCAS performs substantially similar work to her male colleagues who are full professors and are paid more than she is, and higher level work than the associate professors who are paid similarly to her. She is at the top of the range of all full professors in her department in terms of total number of publications, number of publications in the top journals for Economics, and external grant money. In fact, in the last ten years, Plaintiff BROCAS published more articles in the Top 5 journals of Economics than all but one of her male peers. She directs two research laboratories that enhance the research prestige, teaching quality,

and monetary revenues of USC.  In the last ten years, she has raised more money for USC Dornsife College through external federal grants than the entire department of Economics combined.  She and Plaintiff CARRILLO were recently awarded a $525,000 grant from the National Science Foundation.  Her work is the most interdisciplinary (a quality that is highly valued by USC) of all similarly situated full professors in her department.  Plaintiff was also the Vice Chair of the Economics Department from August 2021 to August 2023, and has had significant administrative duties in that role.

23.     Plaintiff BROCAS works under similar working conditions as the similarly situated male full professors in her department but is paid significantly less than the male full professors in her department who perform substantially similar or lesser work.  She has been harmed by this pay disparity, and USC's decision to pay her unequally has been a substantial factor in causing her harm.

24.     Due to his association with his wife, Plaintiff BROCAS, Plaintiff CARRILLO also receives a salary that is significantly below the level of other male full professors in his department who are not similarly associated with a female professor.  Like Plaintiff BROCAS, Plaintiff CARRILLO performs substantially similar work to the other male full professors in the Economics Department.  Like Plaintiff BROCAS, he is near the top of the distribution of all full professors in the department in terms of publications and external grants.  As noted, he and Plaintiff BROCAS recently secured an additional $525,000 grant from the National Science Foundation.  His success in grantsmanship and lab management places him at the top of the department, second only to Plaintiff BROCAS.

25.     A substantial motivating reason for USC's decision to pay Plaintiff CARRILLO significantly less than other male full professors in the Economics Department is USC's association of Plaintiff CARRILLO with his wife, Plaintiff BROCAS.  Plaintiff CARRILLO has been harmed by this pay disparity and USC's conduct has been a substantial factor in causing Plaintiff CARRILLO's harm.

26.     USC's decision over many years to pay Plaintiff BROCAS and Plaintiff CARRILLO less than their similarly situated male peers, who are not similarly associated with a female professor at USC, stems in part from its policy and practice that faculty must obtain an external offer from another comparable university in order to negotiate a greater salary increase than the very small cost of living increases USC generally grants faculty each year.

27.     When Economics faculty members are first hired, USC offers them a "market rate" salary commensurate with what they could earn at other universities in order to recruit them.  USC does not raise the salaries of Economics professors to or taking account of market rate salaries unless the faculty member obtains an "outside offer" from a comparable university and uses it to negotiate a retention offer from USC, or leaves for another university for some period of time and then negotiates a return offer with USC.  Market rate salaries have increased at a much higher rate than the modest cost of living increases USC has offered to Plaintiffs in the 20 years since they were hired.

28.     USC's policy and practice has a disproportionate adverse effect on females, males associated with females, and/or other married people who cannot easily generate outside offers, because of their marriages.  It is nearly impossible for Plaintiffs BROCAS and CARRILLO to secure simultaneous or near simultaneous offers from universities that are comparable to USC and its Economics Department. The difficulty is exacerbated for them because, having children at home, they cannot easily relocate from Los Angeles.

29.     Plaintiff BROCAS has been the victim of additional forms of discrimination on the basis of her sex since the beginning of her time at USC.  For example, when she applied for a promotion to Full Professor in 2015, she faced humiliating scrutiny by the University Committee on Appointments, Promotions and Tenure ("UCAPT"), which, among other things:  (1) questioned the substance of her contributions to papers she jointly published with Plaintiff CARRILLO, even

though it did not ask similar questions of male professors who collaborated with other professors; (2) told Plaintiff BROCAS that she should have waited an additional year before asking for a promotion, even though similarly situated male professors were promoted even earlier; and (3) told her that she had to double her publications and obtain a publication in a "Top 5" Economics journal within 3 months, a virtually impossible task, even though Plaintiff BROCAS had more "Top 5" publications than most of her male peers and none of her male peers were asked to increase their publications in order to be promoted.

30.     This pattern of discrimination has continued since her promotion, including in the last three years.  For several years, including the present academic year, Plaintiff BROCAS has repeatedly asked USC for a reduced teaching load, and has repeatedly been denied.  Generally, USC grants teaching reductions to full professors in Economics in exchange for their performance of other duties.  Plaintiff BROCAS manages labs, and as noted above, brings in the highest amount of external grant money of any full professor in her department, and therefore qualifies for this benefit.  USC frequently grants a teaching reduction to male full professors who do not have comparable responsibilities to those of Plaintiff BROCAS.

31.     Plaintiff BROCAS has been subjected to harassment and retaliation on the basis of her sex and because of her complaints regarding her discrimination and unequal pay.  Plaintiff CARRILLO has been subjected to harassment and retaliation due to his association with his wife, Plaintiff BROCAS, and to complaints he has made regarding discrimination against her and them stemming from their association and their unequal pay.

32.     Plaintiffs BROCAS and CARRILLO complained to the Chair of their Department, Romain Rancière, about their below market salaries in the summer of 2021.  At that time, they informed Prof. Rancière that they intended to seek a salary adjustment by hiring attorneys to negotiate with USC.  They informed him that they believed that their salaries were unequal to their colleagues' due to Plaintiff

BROCAS' gender and Plaintiff CARRILLO's association with Plaintiff BROCAS, and because they were married to each other. Prof. Rancière confirmed that Plaintiffs' salaries were lower than the market rate for professors with their qualifications, but discouraged them from using legal counsel to complain to the USC administration about their salaries.

33. In September 2021, Prof. Rancière learned that Plaintiffs BROCAS and CARRILLO had hired attorneys to challenge their unequal pay and discriminatory treatment by USC. Starting in October 2021 and continuing thereafter, Prof. Rancière repeatedly retaliated against Plaintiff BROCAS. Prof. Rancière has marginalized her and ostracized her and continues to do so. He has cut her out of all substantive departmental and recruiting decisions, despite her being the Vice Chair of the Economics Department from August 2021 to August 2023. These retaliatory acts include: (1) sidelining her from the tasks normally delegated to the chair of the hiring committee even though Plaintiff BROCAS was formally appointed as chair of that committee, (2) excluding her from decisions about undergraduate and graduate teaching, (3) excluding her from meetings with donors, and (4) excluding her from all decisions regarding hiring and promotions.

34. Plaintiff BROCAS' complaints about being sidelined from her Vice Chair responsibilities to Prof. Rancière have been to no avail.

35. In January 2022, Prof. Rancière humiliated Plaintiff BROCAS during a faculty departmental meeting during which she voiced concerns about gender issues in the hiring process, and he treated her differently than male colleagues with whom she was engaged in debate. An unidentified person then reported this incident to the University's Equity, Equal Opportunity, and Title IX ("EEO-TIX") office. Plaintiffs BROCAS and CARRILLO filed a formal written complaint to the EEO-TIX on April 4, 2022.

36. The EEO-TIX dismissed Plaintiff CARRILLO's complaint but accepted part of Plaintiff BROCAS' complaint for investigation. The office took a

full year to investigate the complaint, never completed its investigation, and over the course of the year dismissed portions of Plaintiff BROCAS' complaint until it was dismissed in its entirety.  One of the primary bases the EEO-TIX gave for dismissing certain of Plaintiffs' claims was that Plaintiffs could not identify specific individuals who were responsible for all of the discriminatory acts, including their unequal pay.  The EEO-TIX refused to investigate gender discrimination and unequal pay caused by decisions and actions of the University, Dornsife College, and their administrators, claiming it could only investigate individual named Respondents.

37.     Since Plaintiff BROCAS and Plaintiff CARRILLO filed their EEO-TIX complaint, Plaintiff BROCAS has been subjected to escalating pervasive retaliatory treatment by Prof. Rancière, joined by other male faculty.  For example, on April 27, 2022, Prof. Rancière emailed the entire Economics faculty humiliating Plaintiff BROCAS, calling her tone during a faculty meeting inappropriate because she had vocalized disagreement with his positions.  He also continued to exclude her from departmental matters and from relationships with other faculty in her department.  Retaliation by other male colleagues includes, but is not limited to, Plaintiff BROCAS being called an "emotional woman" by a male colleague; being told by a male colleague during a faculty meeting that she "cannot rely on [her] gender all the time to protect [herself]" and that she should "use [her] logic"; and having a male colleague submit a report to the university's research integrity office stating that Plaintiff BROCAS engaged in unethical academic conduct, despite knowing that was not true.

38.     USC is informed of the retaliation due to the EEO-TIX complaint and to Plaintiff's numerous informal reports and complaints to members of the USC administration, including Dean Peter Mancall.  USC and its administrators have taken no steps to prevent or stop the ongoing retaliatory behavior.  Instead, they have fostered an environment that empowers Prof. Rancière and many of Plaintiff

BROCAS' male colleagues to belittle and harass her, and to cut her out of important job responsibilities, effectively demoting her.

39.     For example, in May 2023, Plaintiff BROCAS applied to the next Chair of the Economics Department.  It is customary for the deans to interview any applicant, and the USC Faculty Handbook requires that the deans rely on input from a vote of the faculty in the department or through consultation with them.  The deans never interviewed Plaintiff BROCAS for the position and did not hold a faculty vote or seek input from the faculty at large regarding her application.  They instead announced on May 25, 2023 that Prof. Rancière would be reappointed as Chair and that Plaintiff BROCAS would be replaced as Vice Chair by the afore-mentioned female professor who had only become a full professor (and therefore eligible to serve as Vice Chair) one week earlier.  That same female professor was also announced as the new Chair of the department effective January 1, 2024, with Professor Rancière to serve as her Vice Chair.  Prof. Rancière was reappointed despite both the EEO-TIX and the CRD launching investigations of him for his retaliation against Plaintiff BROCAS.

40.     Also in May 2023, when Plaintiff BROCAS and Plaintiff CARRILLO sought departmental matching funds for their new NSF grant, Prof. Rancière created a new committee of certain faculty in the department to discuss the request, which was not the prior practice.  On information and belief, he then shared Plaintiff BROCAS's and Plaintiff CARRILLO's salary information with the other faculty on the committee without their permission, and the committee ultimately rejected the requested matching funds.  This was in stark contrast to how a nearly identical request Plaintiff BROCAS and Plaintiff CARRILLO made in 2019 was handled and approved.

41.     In November 2022, the University initiated an investigation against Plaintiff BROCAS regarding a recently published paper.  The investigation concluded in July 2023, with a finding that Plaintiff BROCAS should have granted

authorship to a student who had provided research assistance years prior to the publication of the paper, but had not contributed to the paper enough to merit authorship credits.  The investigation discounted evidence and relied on the opinion of a purportedly neutral expert, a colleague of Plaintiff BROCAS's who was biased because he was involved in the work that generated the paper.  When Plaintiff BROCAS complained about his involvement in the investigation, the University sided with him.

42.     Plaintiff BROCAS' complaints about her unequal pay and discrimination on the basis of sex are a substantial motivating reason for USC's retaliation, which has caused and continues to cause Plaintiff BROCAS harm.

43.     Plaintiff CARRILLO has also experienced retaliation due to his complaints regarding unequal pay and discrimination and his support of Plaintiff BROCAS's complaints.

44.     In February 2023, USC notified Plaintiff CARRILLO that it was going to terminate the Institute for Economic Policy Research (IEPR), an Institute within the University that had existed for nearly twenty years that Plaintiff CARRILLO had successfully run for the last two years.  Plaintiff CARRILLO had been given a teaching load reduction due to his directing the IEPR.  The purported reasons for terminating the IEPR were novel and pretextual.  The IEPR was actually terminated in retaliation for Plaintiff CARRILLO's complaints about discrimination against himself and Plaintiff BROCAS and Plaintiff BROCAS' complaints about retaliation. Plaintiff CARRILLO attempted to communicate further with the Dean regarding the termination of IEPR in March and May 2023, but never received any response to those emails.

45.     In March 2023, Plaintiff CARRILLO was notified that USC was referring him to the Office of Professionalism and Ethics due to a conversation he had with another professor regarding that professor's false and possibly unethical report to USC's Research Integrity Office that Plaintiff BROCAS had engaged in

1    unethical academic conduct.  USC referred only Plaintiff CARRILLO and not the

2    other professor to the USC's Office of Professionalism and Ethics.  Later, the same

3    office added to the investigation an untrue and unsubstantiated allegation by another

4    colleague of Plaintiff CARRILLO's.  That investigation is still pending as of the

5    date of the filing of this complaint.

6         46.    As noted above, in May 2023, Prof. Rancière shared Plaintiff

7    BROCAS's and Plaintiff CARRILLO's salary information with the other

8    Economics faculty on a newly-formed committee without their permission, and the

9    committee ultimately rejected Plaintiff BROCAS's and Plaintiff CARRILLO's

10   requested matching funds, in stark contrast to how a nearly identical request

11   Plaintiff BROCAS and Plaintiff CARRILLO made in 2019 was handled and

12   approved.

13        47.    These actions were retaliation due to Plaintiff CARRILLO's

14   complaints about discrimination and retaliation against himself and Plaintiff

15   BROCAS, and his supporting her complaints of discrimination and retaliation.

**FIRST CLAIM FOR RELIEF**
**(Unequal Pay - California Labor Code § 1197.5)**
**By Plaintiff BROCAS - Against All Defendants**

18        48.    Plaintiffs incorporate paragraphs 1-47 above as though fully set forth

19   herein.

20        49.    Defendants discriminated against Plaintiff BROCAS by refusing to pay

21   her at a salary level equal to the male full professors in the USC Economics

22   Department who are substantially similar or inferior to Plaintiff BROCAS in terms

23   of skill, professional accomplishments including publications and external grants,

24   effort, and responsibility.  Plaintiff BROCAS performs her job under similar

25   working conditions to these male full professors in Economics and this pay

26   differential is based on only one factor, her sex, female.  In doing this, Defendants

27   violated Cal. Lab. Code § 1197.5.

28        50.    As a direct and legal result of Defendants' differential payment of

wages and other discriminatory conduct which was based solely on Plaintiff BROCAS's sex, female, Plaintiff BROCAS has lost substantial employment benefits, including lost wages, and other employee benefits, the precise amount of which will be proven at trial.

51.     In addition to the damages claimed in this complaint to which Plaintiff BROCAS is entitled, Plaintiff BROCAS is also entitled to liquidated damages equivalent to the amount of lost wages, together with reasonable attorney's fees and costs of suit in pursuing this action, pursuant to Lab. Code § 1197.5, subd. (g).

52.     Plaintiff BROCAS has no plain, adequate, or complete remedy at law to redress the wrongs alleged, and injunctive relief is her only means of securing adequate relief.  Plaintiff BROCAS is now suffering and will continue to suffer irreparable injury from Defendants' policies, practices, customs, and usages as set forth in this complaint until and unless enjoined by the court.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as set forth below.

### SECOND CLAIM FOR RELIEF
#### (Unequal Pay - 29 U.S.C. § 206(d))
**By Plaintiff BROCAS - Against All Defendants**

53.     Plaintiffs incorporate paragraphs 1-52 above as though fully set forth herein.

54.     Plaintiff BROCAS was at all times relevant an employee within the meaning of 29 U.S.C. § 203.

55.     Defendants discriminated against Plaintiff BROCAS by refusing to pay her at a salary level equal to the male full professors in the USC Economics Department who are substantially similar or inferior to Plaintiff BROCAS in terms of skill, professional accomplishments including publications and external grants, effort, and responsibility.  Plaintiff BROCAS performs her job under similar working conditions to these male full professors in Economics and this pay differential is based on only one factor, her sex, female.  In doing this, Defendants

1 violated 29 U.S.C. § 206(d).

2      56.    As a direct and legal result of Defendants' differential payment of

3 wages and other discriminatory conduct which was based solely on Plaintiff

4 BROCAS's sex, female, Plaintiff BROCAS has lost substantial employment

5 benefits, including lost wages, and other employee benefits, the precise amount of

6 which will be proven at trial.

7      57.    Plaintiff BROCAS seeks the amount of her underpayment based on

8 Defendants' failure to pay equal wages, liquidated damages, attorney's fees and

9 costs to be paid by Defendants as provided by the Equal Pay Act.

10      58.    Plaintiff BROCAS has no plain, adequate, or complete remedy at law

11 to redress the wrongs alleged, and injunctive relief is her only means of securing

12 adequate relief.  Plaintiff BROCAS is now suffering and will continue to suffer

13 irreparable injury from Defendants' policies, practices, customs, and usages as set

14 forth in this complaint until and unless enjoined by the court.

15      WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of

16 them, as set forth below.

### THIRD CLAIM FOR RELIEF
**(Gender Discrimination – Cal. Gov. Code § 12940, subd. (a))**
**By Plaintiff BROCAS Against All Defendants**

19      59.    Plaintiffs incorporate paragraphs 1-58 above as though fully set forth

20 herein.

21      60.    USC conducts business in California and regularly employs more than

22 five individuals, and is thus subject to suit under the California Fair Employment

23 and Housing Act, Government Code sections 12900 et seq. ("FEHA").

24      61.    Plaintiff BROCAS has been an employee of USC since 2003.  Plaintiff

25 BROCAS is a woman.

26      62.    Defendants have discriminated against Plaintiff BROCAS based on

27 gender by, among other things, paying her less than similarly situated male

28 colleagues and denying her course reductions provided to similarly situated male

1  colleagues.

2      63.    Plaintiff BROCAS's gender is a substantial motivating reason in

3  Defendants' decision to pay her less and provide her with fewer job benefits, such as

4  course reductions, as her similarly situated male colleagues.

5      64.    Defendants' unfair treatment of Plaintiff BROCAS constitutes unlawful

6  discrimination on account of gender, in violation of California Government Code

7  section 12940, subd. (a).

8      65.    Defendants' discriminatory actions, as alleged above, were a

9  substantial factor in causing Plaintiff BROCAS harm.

10      66.    As a direct and proximate result of Defendants' conduct, Plaintiff

11  BROCAS has suffered the loss of wages, salary, and benefits she would have

12  received without Defendants' discriminatory treatment.  As a result of such

13  discrimination and consequent harm, Plaintiff BROCAS has suffered such damages

14  in amounts to be determined according to proof at trial.

15      67.    As a further direct and proximate result of Defendants' conduct,

16  Plaintiff BROCAS has suffered humiliation and emotional distress.  As a result of

17  such discrimination and consequent harm, Plaintiff BROCAS has suffered such

18  damages in amounts to be determined according to proof at trial.

19      68.    Defendants' discriminatory actions were committed with malice,

20  fraud, or oppression, and in reckless disregard of Plaintiff BROCAS's rights.  As

21  such, Plaintiff BROCAS is entitled to punitive damages under law.

22      69.    Plaintiff BROCAS has no plain, adequate, or complete remedy at law

23  to redress the wrongs alleged, and injunctive relief is her only means of securing

24  adequate relief.  Plaintiff BROCAS is now suffering and will continue to suffer

25  irreparable injury from Defendants' policies, practices, customs, and usages as set

26  forth in this complaint until and unless enjoined by the court.

27      WHEREFORE, Plaintiff BROCAS prays for judgment against Defendants,

28  and each of them, as set forth below.

**FOURTH CLAIM FOR RELIEF**
**(Gender Discrimination – 42 U.S.C. §§ 2000e et seq.)**
**By Plaintiff BROCAS Against All Defendants**

70.    Plaintiffs incorporate paragraphs 1-69 above as though fully set forth herein.

71.    USC is an employer within the meaning of 42 U.S.C. § 2000e(b) in that it is engaged in an industry affecting commerce and, at all times relevant hereto, has employed at least fifteen persons.

72.    Plaintiff BROCAS has been an employee of USC since 2003.  Plaintiff BROCAS is a woman.

73.    Defendants have discriminated against Plaintiff BROCAS based on gender by, among other things, paying her less than similarly situated male colleagues and denying her course reductions provided to similarly situated male colleagues.

74.    Plaintiff BROCAS's gender is a substantial motivating reason in Defendants' decision to pay her less and provide her with fewer job benefits, such as course reductions, as her similarly situated male colleagues.

75.    Defendants' unfair treatment of Plaintiff BROCAS constitutes unlawful discrimination on account of gender, in violation of 42 U.S.C. § 2000e-2.

76.    Defendants' discriminatory actions, as alleged above, were a substantial factor in causing Plaintiff BROCAS harm.

77.    As a direct and proximate result of Defendants' conduct, Plaintiff BROCAS has suffered the loss of wages, salary, and benefits she would have received without Defendants' discriminatory treatment.  As a result of such discrimination and consequent harm, Plaintiff BROCAS has suffered such damages in amounts to be determined according to proof at trial.

78.    As a further direct and proximate result of Defendants' conduct, Plaintiff BROCAS has suffered humiliation and emotional distress.  As a result of such discrimination and consequent harm, Plaintiff BROCAS has suffered such

1  damages in amounts to be determined according to proof at trial.

2  79.  Defendants' discriminatory actions were committed with malice, fraud,

3  or oppression, and in reckless disregard of Plaintiff BROCAS's rights.  As such,

4  Plaintiff BROCAS is entitled to punitive damages under law.

5  80.  Plaintiff BROCAS has no plain, adequate, or complete remedy at law

6  to redress the wrongs alleged, and injunctive relief is her only means of securing

7  adequate relief.  Plaintiff BROCAS is now suffering and will continue to suffer

8  irreparable injury from Defendants' policies, practices, customs, and usages as set

9  forth in this complaint until and unless enjoined by the court.

10  WHEREFORE, Plaintiff BROCAS prays for judgment against Defendants,

11  and each of them, as set forth below.

12  **FIFTH CLAIM FOR RELIEF**
**(Retaliation - Gov. Code,§ 12940(h))**

13  **By Plaintiff BROCAS Against All Defendants**

14  81.  Plaintiffs incorporate paragraphs 1-80 above as though fully set forth

15  herein.

16  82.  USC conducts business in California and regularly employs more than

17  five individuals, and is thus subject to suit under the California Fair Employment

18  and Housing Act, Government Code sections 12900 et seq. ("FEHA").

19  83.  Plaintiff BROCAS has been an employee of USC since 2003.  Plaintiff

20  BROCAS is a woman.

21  84.  Defendants have retaliated against Plaintiff BROCAS for opposing

22  gender discrimination and complaining about her unequal pay and discriminatory

23  treatment formally and informally.

24  85.  Plaintiff BROCAS's opposition to her gender discrimination and her

25  complaints are a substantial motivating reason in Defendants' decision to pay her

26  less and provide her with fewer job benefits, such as course reductions, as her

27  similarly situated male colleagues.  Defendants have also retaliated against Plaintiff

28  BROCAS by supporting and not stopping the harassing and retaliatory treatment she

1  has received from the Chair of her department and from her male colleagues.

2       86.    Defendants' unfair treatment of Plaintiff BROCAS constitutes unlawful

3  retaliation, in violation of California Government Code section 12940, subd. (h).

4       87.    Defendants' retaliatory actions, as alleged above, were a substantial

5  factor in causing Plaintiff BROCAS harm.

6       88.    As a direct and proximate result of Defendants' conduct, Plaintiff

7  BROCAS has suffered the loss of wages, salary, and benefits she would have

8  received without Defendants' discriminatory and retaliatory treatment.  As a result

9  of such retaliation and consequent harm, Plaintiff BROCAS has suffered such

10  damages in amounts to be determined according to proof at trial.

11       89.    As a further direct and proximate result of Defendants' conduct,

12  Plaintiff BROCAS has suffered humiliation and emotional distress.  As a result of

13  such discrimination and consequent harm, Plaintiff BROCAS has suffered such

14  damages in amounts to be determined according to proof at trial.

15       90.    Defendants' retaliatory actions were committed with malice, fraud, or

16  oppression, and in reckless disregard of Plaintiff BROCAS's rights.  As such,

17  Plaintiff BROCAS is entitled to punitive damages under law.

18       91.    Plaintiff BROCAS has no plain, adequate, or complete remedy at law

19  to redress the wrongs alleged, and injunctive relief is her only means of securing

20  adequate relief.  Plaintiff BROCAS is now suffering and will continue to suffer

21  irreparable injury from Defendants' policies, practices, customs, and usages as set

22  forth in this complaint until and unless enjoined by the court.

23       WHEREFORE, Plaintiff BROCAS prays for judgment against Defendants,

24  and each of them, as set forth below.

25
                      **SIXTH CLAIM FOR RELIEF**
                **(Retaliation - 42 U.S.C. § 2000e-3)**

26            **By Plaintiff BROCAS Against All Defendants**

27       92.    Plaintiffs incorporate paragraphs 1-91 above as though fully set forth

28  herein.

93.     USC is an employer within the meaning of 42 U.S.C. § 2000e(b) in that it is engaged in an industry affecting commerce and, at all times relevant hereto, has employed at least fifteen persons.

94.     Plaintiff BROCAS has been an employee of USC since 2003.  Plaintiff BROCAS is a woman.

95.     Defendants have retaliated against Plaintiff BROCAS for opposing gender discrimination and complaining about her unequal pay and discriminatory treatment formally and informally.

96.     Plaintiff BROCAS's opposition to her gender discrimination and her complaints are a substantial motivating reason in Defendants' decision to pay her less and provide her with fewer job benefits, such as course reductions, as her similarly situated male colleagues, and their failure to protect her from harassment and negative treatment from her colleagues.

97.     Defendants' unfair treatment of Plaintiff BROCAS constitutes unlawful retaliation, in violation of 42 U.S.C. § 2000e-3.

98.     Defendants' retaliatory actions, as alleged above, were a substantial factor in causing Plaintiff BROCAS harm.

99.     As a direct and proximate result of Defendants' conduct, Plaintiff BROCAS has suffered the loss of wages, salary, and benefits she would have received without Defendants' discriminatory and retaliatory treatment.  As a result of such retaliation and consequent harm, Plaintiff BROCAS has suffered such damages in amounts to be determined according to proof at trial.

100.   As a further direct and proximate result of Defendants' conduct, Plaintiff BROCAS has suffered humiliation and emotional distress.  As a result of such discrimination and consequent harm, Plaintiff BROCAS has suffered such damages in amounts to be determined according to proof at trial.

101.    Defendants' retaliatory actions were committed with malice, fraud, or oppression, and in reckless disregard of Plaintiff BROCAS's rights.  As such,

1  Plaintiff BROCAS is entitled to punitive damages under law.

2      102.   Plaintiff BROCAS has no plain, adequate, or complete remedy at law

3  to redress the wrongs alleged, and injunctive relief is her only means of securing

4  adequate relief.  Plaintiff BROCAS is now suffering and will continue to suffer

5  irreparable injury from Defendants' policies, practices, customs, and usages as set

6  forth in this complaint until and unless enjoined by the court.

7      WHEREFORE, Plaintiff BROCAS pray for judgment against Defendants,

8      and each of them, as set forth below.

9  **SEVENTH CLAIM FOR RELIEF**
**(Associational Gender Discrimination – Cal. Gov. Code § 12940, subd. (a))**

10  **By Plaintiff CARRILLO Against All Defendants**

11      103.   Plaintiffs incorporate paragraphs 1-102 above as though fully set forth

12  herein.

13      104.   USC conducts business in California and regularly employs more than

14  five individuals, and is thus subject to suit under the California Fair Employment

15  and Housing Act, Government Code sections 12900 et seq. ("FEHA").

16      105.   Plaintiff CARRILLO has been an employee of USC since 2003.

17  Plaintiff CARRILLO is married to Plaintiff BROCAS, a woman, and therefore

18  associated with her.

19      106.   Defendants have discriminated against Plaintiff CARRILLO due to his

20  association with Plaintiff BROCAS, a female, by, among other things, paying him

21  less than similarly situated male colleagues who are not associated with a female

22  professor.

23      107.   Plaintiff CARRILLO's association with a female is a substantial

24  motivating reason in Defendants' decision to pay him less than his similarly situated

25  male colleagues who are not associated with a female professor.

26      108.   Defendants' unfair treatment of Plaintiff CARRILLO constitutes

27  unlawful discrimination on account of gender, in violation of California

28  Government Code section 12940, subd. (a) and section 12926, subd. (o).

109.   Defendants' discriminatory actions, as alleged above, were a substantial factor in causing Plaintiff CARRILLO harm.

110.   As a direct and proximate result of Defendants' conduct, Plaintiff CARRILLO has suffered the loss of wages, salary, and benefits he would have received without Defendants' discriminatory treatment.  As a result of such discrimination and consequent harm, Plaintiff CARRILLO has suffered such damages in amounts to be determined according to proof at trial.

111.   As a further direct and proximate result of Defendants' conduct, Plaintiff CARRILLO has suffered humiliation and emotional distress.  As a result of such discrimination and consequent harm, Plaintiff CARRILLO has suffered such damages in amounts to be determined according to proof at trial.

112.   Defendants' discriminatory actions were committed with malice, fraud, or oppression, and in reckless disregard of Plaintiff CARRILLO's rights.  As such, Plaintiff CARRILLO is entitled to punitive damages under law.

113.   Plaintiff CARRILLO has no plain, adequate, or complete remedy at law to redress the wrongs alleged, and injunctive relief is his only means of securing adequate relief.  Plaintiff CARRILLO is now suffering and will continue to suffer irreparable injury from Defendants' policies, practices, customs, and usages as set forth in this complaint until and unless enjoined by the court.

WHEREFORE, Plaintiff CARRILLO prays for judgment against Defendants, and each of them, as set forth below.

**EIGHTH CLAIM FOR RELIEF**
**(Marital Status Discrimination - Cal. Gov. Code § 12940, subd. (a))**
**By Plaintiff CARRILLO Against All Defendants**

114.   Plaintiffs incorporate paragraphs 1-113 above as though fully set forth herein.

115.   USC conducts business in California and regularly employs more than five individuals, and is thus subject to suit under the California Fair Employment and Housing Act, Government Code sections 12900 et seq. ("FEHA").

116.   Plaintiff CARRILLO has been an employee of USC since 2003. Plaintiff CARRILLO is married to Plaintiff BROCAS, a woman.

117.   Defendants have discriminated against Plaintiff CARRILLO due to his marriage to Plaintiff BROCAS, a female, by, among other things, paying him less than similarly situated male colleagues who are not married to a female professor.

118.   Plaintiff CARRILLO's marriage to Plaintiff BROCAS is a substantial motivating reason in Defendants' decision to pay him less than his similarly situated male colleagues who are not married to a female professor.

119.   Defendants' unfair treatment of Plaintiff CARRILLO constitutes unlawful discrimination on account of marital status, in violation of California Government Code section 12940, subd. (a).

120.   Defendants' discriminatory actions, as alleged above, were a substantial factor in causing Plaintiff CARRILLO harm.

121.   As a direct and proximate result of Defendants' conduct, Plaintiff CARRILLO has suffered the loss of wages, salary, and benefits he would have received without Defendants' discriminatory treatment.  As a result of such discrimination and consequent harm, Plaintiff CARRILLO has suffered such damages in amounts to be determined according to proof at trial.

122.   As a further direct and proximate result of Defendants' conduct, Plaintiff CARRILLO has suffered humiliation and emotional distress.  As a result of such discrimination and consequent harm, Plaintiff CARRILLO has suffered such damages in amounts to be determined according to proof at trial.

123.   Defendants' discriminatory actions were committed with malice, fraud, or oppression, and in reckless disregard of Plaintiff CARRILLO's rights.  As such, Plaintiff CARRILLO is entitled to punitive damages under law.

124.   Plaintiff CARRILLO has no plain, adequate, or complete remedy at law to redress the wrongs alleged, and injunctive relief is his only means of securing adequate relief.  Plaintiff CARRILLO is now suffering and will continue to suffer

irreparable injury from Defendants' policies, practices, customs, and usages as set forth in this complaint until and unless enjoined by the court.

WHEREFORE, Plaintiff CARRILLO prays for judgment against Defendants, and each of them, as set forth below.

### NINTH CLAIM FOR RELIEF
#### (Retaliation - Gov. Code,§ 12940(h))
#### By Plaintiff CARRILLO Against All Defendants

125.   Plaintiffs incorporate paragraphs 1-124 above as though fully set forth herein.

126.   USC conducts business in California and regularly employs more than five individuals, and is thus subject to suit under the California Fair Employment and Housing Act, Government Code sections 12900 et seq. ("FEHA").

127.   Plaintiff CARRILLO has been an employee of USC since 2003. Plaintiff CARRILLO is married to Plaintiff BROCAS, a woman.

128.   Defendants have retaliated against Plaintiff CARRILLO for opposing gender discrimination and complaining about his and his wife's unequal pay and discriminatory treatment formally and informally.

129.   Plaintiff CARRILLO's opposition to Plaintiff BROCAS's gender discrimination and his complaints are a substantial motivating reason in Defendants' decision to pay him less, and punish him, and take away benefits, such as the IEPR.

130.   Defendants' unfair treatment of Plaintiff CARRILLO constitutes unlawful retaliation, in violation of California Government Code section 12940, subd. (h).

131.   Defendants' retaliatory actions, as alleged above, were a substantial factor in causing Plaintiff CARRILLO harm.

132.   As a direct and proximate result of Defendants' conduct, Plaintiff CARRILLO has suffered the loss of wages, salary, and benefits he would have received without Defendants' discriminatory and retaliatory treatment.  As a result of such retaliation and consequent harm, Plaintiff CARRILLO has suffered such

damages in amounts to be determined according to proof at trial.

133.   As a further direct and proximate result of Defendants' conduct, Plaintiff CARRILLO has suffered humiliation and emotional distress.  As a result of such discrimination and consequent harm, Plaintiff CARRILLO has suffered such damages in amounts to be determined according to proof at trial.

134.   Defendants' retaliatory actions were committed with malice, fraud, or oppression, and in reckless disregard of Plaintiff CARRILLO's rights.  As such, Plaintiff CARRILLO is entitled to punitive damages under law.

135.   Plaintiff CARRILLO has no plain, adequate, or complete remedy at law to redress the wrongs alleged, and injunctive relief is his only means of securing adequate relief.  Plaintiff CARRILLO is now suffering and will continue to suffer irreparable injury from Defendants' policies, practices, customs, and usages as set forth in this complaint until and unless enjoined by the court.

WHEREFORE, Plaintiff CARRILLO prays for judgment against Defendants, and each of them, as set forth below.

### TENTH CLAIM FOR RELIEF
#### (Retaliation - 42 U.S.C. § 2000e-3)
#### By Plaintiff CARRILLO Against All Defendants

136.   Plaintiffs incorporate paragraphs 1-135 above as though fully set forth herein.

137.   USC is an employer within the meaning of 42 U.S.C. § 2000e(b) in that it is engaged in an industry affecting commerce and, at all times relevant hereto, has employed at least fifteen persons.

138.   Plaintiff CARRILLO has been an employee of USC since 2003.

139.   Defendants have retaliated against Plaintiff CARRILLO for opposing gender discrimination and complaining about his wife's unequal pay and discriminatory treatment formally and informally.

140.   Plaintiff CARRILLO's opposition to Plaintiff BROCAS' gender discrimination and his complaints are a substantial motivating reason in Defendants'

decision to pay him less and provide him with fewer job benefits than his similarly situated male colleagues who are not married to a female full professor, and for USC's failure to protect him from harassment and negative treatment from his colleagues.

141.   Defendants' unfair treatment of Plaintiff CARRILLO constitutes unlawful retaliation, in violation of 42 U.S.C. § 2000e-3.

142.   Defendants' retaliatory actions, as alleged above, were a substantial factor in causing Plaintiff CARRILLO harm.

143.   As a direct and proximate result of Defendants' conduct, Plaintiff CARRILLO has suffered the loss of wages, salary, and benefits he would have received without Defendants' discriminatory and retaliatory treatment.  As a result of such retaliation and consequent harm, Plaintiff CARRILLO has suffered such damages in amounts to be determined according to proof at trial.

144.   As a further direct and proximate result of Defendants' conduct, Plaintiff CARRILLO has suffered humiliation and emotional distress.  As a result of such discrimination and consequent harm, Plaintiff CARRILLO has suffered such damages in amounts to be determined according to proof at trial.

145.   Defendants' retaliatory actions were committed with malice, fraud, or oppression, and in reckless disregard of Plaintiff CARRILLO's rights.  As such, Plaintiff CARRILLO is entitled to punitive damages under law.

146.   Plaintiff CARRILLO has no plain, adequate, or complete remedy at law to redress the wrongs alleged, and injunctive relief is his only means of securing adequate relief.  Plaintiff CARRILLO is now suffering and will continue to suffer irreparable injury from Defendants' policies, practices, customs, and usages as set forth in this complaint until and unless enjoined by the court.

WHEREFORE, Plaintiff CARRILLO pray for judgment against Defendants, and each of them, as set forth below.

**PRAYER FOR RELIEF**

Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.     For compensatory and special damages, according to proof, including lost earnings, back and front pay, and health and other employment benefits, and damages for emotional distress and humiliation;

2.     For interest on lost earnings and benefits at the prevailing legal rate;

3.     For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

4.     For liquidated damages for Plaintiff BROCAS;

5.     For an injunction requiring Defendants to stop discriminating against Plaintiffs, retaliating against Plaintiffs, and paying Plaintiffs unequally; requiring Defendants to pay Plaintiffs according to the market rate for their qualifications effective immediately; and requiring Defendants to provide Plaintiffs with regular pay raises to keep their salaries competitive with the market rate for their qualifications;

6.     For an award to Plaintiffs of their reasonable attorneys' fees and costs of suit, including expert fees and costs; and

7.     For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED:  September 1, 2023          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Jenny S. Yelin*
          Jenny S. Yelin

Attorneys for Plaintiffs

# Exhibit A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.calcivilrights.ca.gov | contact.center@dfeh.ca.gov

EEOC Number:    480-2023-05662

Case Name:    Isabelle Brocas v. UNIVERSITY OF SOUTHERN CALIFORNIA

Filing Date:    August 22, 2023

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Civil Rights Department (CRD) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint. Please contact EEOC directly for any discussion of this complaint or the investigation.

### NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court**. According to Government Code section 12965, subdivision (c), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (c), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (e)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, CRD does not retain case records beyond three years after a complaint is filed.

CRD-200-02 (09/2022)

# Exhibit B

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Isabelle Brocas** | From: | **Los Angeles District Office** |
|---|---|---|---|
| | **c/o Rosen Bien Galvan & Grunfeld LLP 101 Mission St 6th Fl** | | **255 East Temple St, 4th Floor** |
| | **San Francisco, CA 94105** | | **Los Angeles, CA 90012** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **480-2023-05662** | **GARRETT HOOVER,** | **213-785-3001** |
| | **CRTIU Supervisor** | |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Less than 180 days have elapsed since the filing date. I certify that the Commission s processing of this charge will not be completed within 180 days from the filing date.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that *backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Christine Park-Gonzalez
09/01/2023

Enclosures(s)

**Christine Park-Gonzalez**
**District Director**

cc: **Kyle Gruber**
**University of Southern California**
**3720 S. Flower Street 2nd Floor**
**Los Angeles, CA 90089**
**Catherine Spear**
**University of Southern California**
**3720 S. Flower Street 2nd Floor**
**Los Angeles, CA 90089**

**Jenny Yelin**
**Rosen Bien Galvan & Grunfeld LLP**
**101 Mission St 6th Fl**
**San Francisco, CA 94105**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# Exhibit C

# Exhibit C1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

February 15, 2023

**Via Email: jyelin@rbgg.com**

Juan Carrillo

**RE:  Notice of Case Closure and Right to Sue**
   **Case Number:** 202206-17390524
   **EEOC Number:** 37A-2023-01080
   **Case Name:** Carrillo / University of Southern California

Dear Juan Carrillo:

The Civil Rights Department (CRD) has closed your case for the following reason: Elected Court Action

**This is your Right to Sue Notice.**  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  This is also applicable to CRD complaints that are filed under, and allege a violation of, Government Code section 12948, which incorporates Civil Code sections 51, 51.7, and 54.  The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation.

Please note that if a settlement agreement has been signed resolving the complaint, you may have waived the right to file a private lawsuit.  Should you decide to bring a civil action on your own behalf in court in the State of California under the provisions of the California Fair Employment and Housing Act (FEHA) against the person, employer, labor organization or employment agency named in your complaint, below are resources for this.

**Finding an Attorney**
To proceed in Superior Court, you should contact an attorney.  If you do not already have an attorney, the organizations listed below may be able to assist you:

- The State Bar of California has a Lawyer Referral Services Program which can be accessed through its Web site at www.calbar.ca.gov or by calling (866) 442-2529 (within California) or (415) 538-2250 (outside California).

- Your county may have a lawyer referral service.  Check the Yellow Pages of your telephone book under "Attorneys."

**Notice of Case Closure Settled or Withdrawn – Employment**
**February 15, 2023**
Page 2 of 2

**Filing in Small Claims Court**

- The Department of Consumer Affairs (DCA) has a publication titled "The Small Claims Court: A Guide to Its Practical Use" online at of "The Small Claims Court: A Guide to Its Practical Use" online at http://www.dca.ca.gov/publications/small_claims/.

- You may also order a free copy of "The Small Claims Court: A Guide to Its Practical Use" online, by calling the DCA Publication Hotline at (866) 320-8652, or by writing to them at: DCA, Office of Publications, Design and Editing; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834.

- The State Bar of California has information on "Using the Small Claims Court" under the "Public Services" section of its Web site located at www.calbar.ca.gov

Sincerely,

*April Garner*

April Garner
Staff Services Analyst
213-410-1835
april.garner@dfeh.ca.gov

Cc:

University of Southern California
Office of the General Counsel, 3551 Trousdale Parkway, ADM # 352
Los Angeles, CA 90089-5013

# Exhibit C2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.calcivilrights.ca.gov | contact.center@dfeh.ca.gov

|  |  |
|---|---|
| EEOC Number: | 480-2023-05661 |
| Case Name: | Juan Carrillo v. UNIVERSITY OF SOUTHERN CALIFORNIA |
| Filing Date: | August 22, 2023 |

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Civil Rights Department (CRD) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint. Please contact EEOC directly for any discussion of this complaint or the investigation.

### NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court**. According to Government Code section 12965, subdivision (c), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (c), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (e)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, CRD does not retain case records beyond three years after a complaint is filed.

# Exhibit D

# Exhibit D1

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

---

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

---

To:  **Juan Carrillo**
**c/o Jenny Yelin, Esq.**
**101 Mission Street, 6th Fl**
**San Francisco, CA 94105**

From:  **Los Angeles District Office**
**255 East Temple St, 4th Floor**
**Los Angeles, CA 90012**

On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 37A-2023-01080 | **KARRIE MAEDA,** <br> **State, Local & Tribal Program Manager** | 12137853002 |

*(See also the additional information enclosed with this form.)*

---

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    Less than 180 days have elapsed since the filing date. I certify that the Commission s processing of this charge will not be completed within 180 days from the filing date.

    The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Christine Park-Gonzalez
05/25/2023

Enclosures(s)

**Christine Park-Gonzalez**
**District Director**

cc:  USC
Attn: Dawn Kennedy, Esq.
Associate General Counsel, Labor and Employment
3551 Trousdale Parkway, ADM 352, (Mail Code 5013)
Los Angeles, California 90089-5013

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
255 E. Temple Street, 4th Floor
Los Angeles, CA 90012

**OFFICIAL BUSINESS**
PENALTY FOR PRIVATE USE $300

LOS ANGELES CA 90

2 JUN 2023 PM 11



US POSTAGE PITNEY BOWES

ZIP 35205 $ 000.60⁰
02 4W
0000361441 MAY    2023

SLTP

RECEIVED

JUN 05 2023

Rosen Bien Galvan & Grunfeld

94105-170599

# Exhibit D2

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | **Juan Carrillo** | From: | **Los Angeles District Office** |
|---|---|---|---|
| | **c/o Rosen Bien Galvan & Grunfeld LLP 101 Mission St 6th Fl** | | **255 East Temple St, 4th Floor** |
| | **San Francisco, CA 94105** | | **Los Angeles, CA 90012** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **480-2023-05661** | **GARRETT HOOVER,** | **213-785-3001** |
| | **CRTIU Supervisor** | |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Less than 180 days have elapsed since the filing date. I certify that the Commission s processing of this charge will not be completed within 180 days from the filing date.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Christine Park-Gonzalez
09/01/2023

Enclosures(s)

**Christine Park-Gonzalez**
**District Director**

cc: **Catherine Spear**
**University of Southern California**
**3720 S. Flower Street 2nd Floor**
**Los Angeles, CA 90089**
**Kyle Gruber**
**University of Southern California**
**3720 S. Flower Street 2nd Floor**
**Los Angeles, CA 90089**

**Jenny Yelin**
**Rosen Bien Galvan & Grunfeld LLP**
**101 Mission St 6th Fl**
**San Francisco, CA 94105**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*