SANFORD JAY ROSEN – 062566
  srosen@rbgg.com
JENNY S. YELIN – 273601
  jyelin@rbgg.com
MARC J. SHINN-KRANTZ – 312968
  mshinn-krantz@rbgg.com
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104

Attorneys for Plaintiffs

SEYFARTH SHAW LLP
Timothy L. Hix (SBN 184372)
thix@seyfarth.com
Janine E. Raduechel (SBN 342332)
jraduechel@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

SEYFARTH SHAW LLP
Shardé T. Skahan (SBN 286157)
sskahan@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ISABELLE BROCAS and JUAN D. CARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07280-MEMF(PDx)<br><br>**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>Judge: Hon. Maame Ewusi-Mensah Frimpong<br><br>Scheduling Conference: None Set<br>Trial Date: None Set |

[4417543.3]

JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)

# INTRODUCTION

The parties, through counsel, have met and conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure on January 8, 2024, and jointly file this report as required by Rule 26(f)(2), the Central District of California's Local Rules, and the Court's Civil Standing Order.

## I. STATEMENT OF THE CASE

### A. Plaintiffs' Statement

This is a case under California and federal law, challenging Defendant University of Southern California ("USC")'s unequal pay practices, discrimination, and retaliation against Plaintiffs Isabelle Brocas and Juan Carrillo, both of whom are Professors of Economics at USC. Professors Brocas and Carrillo are married to each other.

Professor Brocas was the only female faculty to have reached the rank of full professor in the male-dominated USC Economics Department from 2003 until late May 2023 (out of approximately 16 full professors), and may have been the only one to ever reach that rank until May 2023. She has long been denied equal pay—she is paid less than male Full Professors in her department who have substantially similar job duties and qualifications, and is paid the same as male Associate Professors who have lesser qualifications. She has faced also discrimination based on her sex and marital status, and she is suffering ever increasing retaliation for reporting these violations.

Professor Carrillo has faced discrimination due to his close association with his wife. He is also paid less than he should be based on his qualifications in comparison to other male Full Professors in his Department who are not associated with a female and who are not married to another member of the department. Professor Carrillo is also suffering ever increasing retaliation both for reporting these violations and for supporting his wife.

B. **Defendants' Statement**

On September 1, 2023, Plaintiffs Isabelle Brocas and Juan D. Carrillo filed this Complaint in the United States District Court – Central District of California. In the Complaint, Plaintiffs, who are current Professors of Economics at the University of Southern California, allege ten claims for relief: (1) Unequal Pay under Cal. Labor Code section 1197.5 (by Plaintiff Brocas); (2) Unequal Pay under 29 U.S.C. section 206(d) (by Plaintiff Brocas); (3) Gender Discrimination under Cal. Gov. Code section 12940(a) (by Plaintiff Brocas); (4) Gender Discrimination under 42 U.S.C. 2000e *et seq.* (by Plaintiff Brocas); (5) Retaliation under Cal. Gov. Code section 12940(h) (by Plaintiff Brocas); (6) Retaliation under 42 U.S.C 2000e-3 (by Plaintiff Brocas); (7) Associational Gender Discrimination under Cal. Gov. Code section 12940(a) (by Plaintiff Carrillo); (8) Marital Status Discrimination under Cal. Gov. Code section 12940(a) (by Plaintiff Carrillo); (9) Retaliation under Cal. Gov. Code section 12940(h) (by Plaintiff Carrillo); (10) Retaliation under 42 U.S.C. 2000e-3 (by Plaintiff Carrillo).  Plaintiffs claim they have been subjected to unequal pay, discrimination, and retaliation based on Plaintiff Brocas' gender and the Plaintiffs' marital status.  Defendant denies that Plaintiffs are entitled to any damages or relief.

Plaintiffs joined USC in or around 2003 and are tenured Professors. Defendant denies that Plaintiff Brocas is paid significantly less than male professors in her department, that she has suffered or been harmed by any purported pay disparity, or that she has been paid unequally. Defendant also denies that Plaintiff Carrillo is paid significantly less than other male professors not associated with a female professor or that he has been harmed by any purported pay disparity.

Defendant further denies that Plaintiffs have been subjected to discrimination during their employment with Defendant.

Defendant further denies that Plaintiffs have suffered retaliation for reporting alleged violations of the law or policy.

## II. SUBJECT MATTER JURISDICTION

### A. Plaintiffs' Statement

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4), because some of Plaintiffs' claims are pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e et seq. and 29 U.S.C. § 206(d). The Court has supplemental jurisdiction over Plaintiffs' California law claims under 28 U.S.C. § 1367(a).

### B. Defendants' Statement

Defendant does not dispute that jurisdiction and venue are proper, but assert that the Plaintiffs are subject to an arbitration agreement.

## III. LEGAL ISSUES

### A. Plaintiffs' Statement

The key legal issues in the case include:

- Whether Defendants' practice of providing market-level increases to Economics professors only when they receive an external offer of employment violates Plaintiffs' rights under state and federal equal pay and anti-discrimination laws (see *Freyd v. Univ. of Oregon*, 990 F.3d 1211 (9th Cir. 2021));

- Whether Defendants have violated the federal and California Equal Pay Acts (29 U.S.C. § 206(d) and California Labor Code § 1197.5) by paying Plaintiff Brocas less than male professors in her department who substantially similar or inferior to Plaintiff BROCAS in terms of skill, professional accomplishments including publications and external grants, effort, and responsibility;

- Whether Defendants have discriminated against Plaintiff BROCAS based on her gender under federal and California anti-discrimination laws (42 U.S.C. §§ 2000e et seq. and Cal. Gov. Code § 12940(a));

- Whether Defendants have retaliated against Plaintiff BROCAS in violation of federal and California anti-discrimination laws (42 U.S.C. § 2000e-3 and Cal. Gov. Code § 12940(a));

- Whether Defendants have discriminated against Plaintiff CARRILLO due to his association with Plaintiff BROCAS in violation of California anti-discrimination law (Cal. Gov. Code § 12940(a));

- Whether Defendants have discriminated against Plaintiff CARRILLO due to his marriage to Plaintiff BROCAS in violation of California anti-discrimination law (Cal. Gov. Code § 12940(a)); and

- Whether Defendants have retaliated against Plaintiff CARRILLO in violation of federal and California anti-discrimination laws (42 U.S.C. § 2000e-3 and Cal. Gov. Code § 12940(a)).

### B. Defendant's Statement

The key legal issues are whether Plaintiffs can prove the elements of each of their ten causes of action: (1) Unequal Pay under Cal. Labor Code section 1197.5 (by Plaintiff Brocas); (2) Unequal Pay under 29 U.S.C. section 206(d) (by Plaintiff Brocas); (3) Gender Discrimination under Cal. Gov. Code section 12940(a) (by Plaintiff Brocas); (4) Gender Discrimination under 42 U.S.C. 2000e *et seq.* (by Plaintiff Brocas); (5) Retaliation under Cal. Gov. Code section 12940(h) (by Plaintiff Brocas); (6) Retaliation under 42 U.S.C 2000e-3 (by Plaintiff Brocas); (7) Associational Gender Discrimination under Cal. Gov. Code section 12940(a) (by Plaintiff Carrillo); (8) Marital Status Discrimination under Cal. Gov. Code section 12940(a) (by Plaintiff Carrillo); (9) Retaliation under Cal. Gov. Code section 12940(h) (by Plaintiff Carrillo); (10) Retaliation under 42 U.S.C. 2000e-3 (by Plaintiff Carrillo).

The additional legal issues that may arise in this matter:

(1) Whether Plaintiffs mitigated the damages they allege;

(2) Whether Plaintiffs have offset the damages they allege;

(3) The extent and causation of any of Plaintiffs' alleged emotional distress, including alternate stressors.

## IV. DAMAGES

### A. Plaintiffs' Statement

Plaintiffs cannot accurately estimate their potential damages until additional discovery is conducted. A key component of Plaintiffs' economic damages are their back and front pay damages to account for the unequal pay they have received compared to their similarly situated colleagues. Plaintiffs will request in discovery, but do not currently have access to, data about the salaries of other similarly situated faculty in the Economics Department and other similar departments in the

University. Plaintiffs are also entitled to substantial emotional distress and punitive damages in amounts yet to be calculated.

### B. Defendant's Statement

Defendant denies that Plaintiff is entitled to any damages or relief.

## V. PARTIES AND EVIDENCE

### A. Parties

<u>Plaintiffs</u>: Isabelle Brocas and Juan Carrillo.

<u>Defendants</u>: University of Southern California and Does 1-10

The parties do not anticipate that any other parties will appear.

### B. Witnesses and Evidence

The parties are still conducting their investigations of the case and do not yet have a list of percipient witnesses or key documents.

### C. Corporate Disclosure

USC has no parent company or publicly held corporation that holds more than 10% of its stock.

## VI. INSURANCE

Defendant has insurance coverage for losses exceeding $7.5 million, which is not triggered by any claim being advanced in this action by Plaintiff.

## VII. MANUAL FOR COMPLEX LITIGATION

The parties do not think this case is complex and therefore the Manual for Complex Litigation procedures are not applicable.

## VIII. MOTIONS

### A. Plaintiffs' Statement

Plaintiffs do not anticipate making any motions to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

### B. Defendant's Statement

Defendant intends to bring a motion for summary judgment, or in the alternative, motion for partial summary judgment. Defendant also intends to bring a

motion to bifurcate the liability portion from punitive damages portion of the case.

## IX. DISPOSITIVE MOTIONS

In addition to the dates the Court requires the parties to include on the schedule worksheet (attached hereto as **Exhibit A**), the parties have proposed October 10, 2024 as the deadline to file any dispositive motions.  This is 42 days prior to the date the parties propose as the deadline for motions to be heard.

### A. Plaintiffs' Statement

Plaintiffs may file a Motion for Summary Judgment, which would likely focus on Plaintiffs' claims related to the pay disparities between them and their colleagues' and may also include other of Plaintiffs' claims.

### B. Defendant's Statement

As stated above, Defendant intends to bring a motion for summary judgment, or, in the alternative, partial summary judgment, on all claims.  Defendant also intends to bring a motion to bifurcate the liability portion from punitive damages portion of the case.

## X. STATUS OF DISCOVERY

### A. Plaintiffs' Statement

Plaintiffs will serve their initial disclosures pursuant to Rule 26(a)(1) on January 22, 2024.  Plaintiffs will also serve written discovery requests, including interrogatories, requests for production, and requests for admission, in the near future.  Plaintiffs intend to take several depositions, including of USC administrators and faculty who are involved in setting faculty pay and/or negotiating faculty offers of employment and retention, and individuals who have participated in or witnessed retaliation and discrimination of Plaintiffs.  Plaintiffs will also likely take a Rule 30(b)(6) deposition of Defendant USC.

### B. Defendant's Statement

Defendant will serve their initial disclosures pursuant to Rule 26(a)(1) on January 22, 2024.  Defendant further served Requests for Production and Special

Interrogatories on Plaintiffs on January 8, 2024. Defendant also served each Plaintiff with a Notice of Deposition. Plaintiff Carrillo's deposition is currently set for April 18, 2024 at 10:00 AM PST. Plaintiff Brocas' deposition is set for April 23, 2024 at 10:00 AM PST.

## XI. DISCOVERY PLAN

### A. Initial Disclosures

The parties conducted their Rule 26(f) conference on January 8, 2024. The parties intend to timely exchange their initial disclosures, on January 22, 2024, and do not believe any modification in the form of the disclosures is required.

### B. Subjects for Discovery and Schedule

The parties are proposing (in their Schedule Worksheet, *see* Ex. A) a fact discovery cutoff date of August 14, 2024, and an expert discovery cutoff date of September 25, 2024. The parties do not think bifurcation of discovery is needed. The parties will take the discovery described above in section IX.

### C. Electronically Stored Information (ESI)

Plaintiffs sent Defendants a document preservation letter on May 30, 2023. Defendants confirm that they have been preserving all relevant documents, including ESI. The parties have agreed to meet and confer regarding search terms and custodians for production of ESI.

### D. Privilege and Protection Issues

The parties may ask the Court to enter a stipulated protective order as appropriate to the extent this matter may involve the disclosure of any party's sensitive, confidential business, financial or trade secret information, and will cooperate to attempt to present a stipulated protective order under Fed. R. Civ. P. 26(c) to the Court.

### E. Need To Amend Applicable Discovery Limitations

At this time the parties do not anticipate needing to modify the applicable discovery limitations.

### F. Other Orders Needed

None anticipated at this time.

## XII. EXPERT DISCLOSURES AND DISCOVERY

As set forth in Exhibit A, the parties propose an initial expert disclosure date of August 28, 2024, with rebuttal disclosures due September 11, 2024, and all expert discovery to be completed by September 25, 2024, which would be before any dispositive motions would be filed.

## XIII. SETTLEMENT

There were extensive settlement negotiations prior to Plaintiffs filing this case, which were not successful. The parties have discussed and are amenable to private mediation, to occur no later than December 11, 2024.

## XIV. TRIAL ESTIMATE

The parties estimate that the case will take approximately 7 court days to try.

Plaintiffs plan to call approximately 10-12 witnesses, including several current and former USC administrators involved in setting faculty pay and negotiating faculty offers of employment and retention, and several professors in the Economics department who Plaintiffs contend are involved in or witnesses to Plaintiffs' retaliation. Plaintiffs will each testify themselves, and their testimony may take significant time given the complex series of events that have transpired since they raised their concerns regarding their pay and gender discrimination issues internally at the University. Experts are also likely to testify.

Defendant anticipates calling approximately 5 – 7 witnesses.

## XV. TRIAL COUNSEL

### A. Plaintiffs' Statement

Jenny S. Yelin will be the lead trial counsel for Plaintiffs. Marc Shinn-Krantz will also be on the trial team, and Sanford Jay Rosen may also participate in the trial.

### B. Defendant's Position

Defendant's lead trial counsel is Timothy L. Hix, Shardé T. Skahan and Janine E. Raduechel will also be on the trial team.

### XVI. INDEPENDENT EXPERT OR MASTER

The parties do not think it will be necessary for the Court to appoint an independent expert or master.

### XVII. SCHEDULE WORKSHEET

Attached hereto as **Exhibit A** is the parties' proposed case schedule, set forth on the Court's schedule worksheet.

### XVIII. MAGISTRATE JUDGE

Defendants have declined to proceed in front of a Magistrate Judge. *See* ECF No. 14.

### XIX. CLASS ACTIONS

Not applicable.

### XX. OTHER ISSUES

The parties do not presently anticipate any other issues that the Court needs to address at this time.

DATED: January 16, 2024        Respectfully submitted,

                               ROSEN BIEN GALVAN & GRUNFELD LLP


                               By: */s/ Jenny S. Yelin*
                                    Jenny S. Yelin

                               Attorneys for Plaintiffs

DATED: January 16, 2024                SEYFARTH SHAW LLP


By: */s/ Shardé Skahan*
    Shardé Skahan

Attorneys for Defendants

## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I, Jenny Yelin, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

DATED: January 16, 2024                ROSEN BIEN GALVAN & GRUNFELD LLP


By: */s/ Jenny S. Yelin*
    Jenny S. Yelin

Attorneys for Plaintiffs

# Exhibit A

**DISTRICT JUDGE MAAME EWUSI-MENSAH FRIMPONG**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. 2:23-cv-07280-MEMF-PD | Case Name: *Brocas et al. v. University of Southern California et al.* | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy |
| Check one:  ☒ Jury Trial   or   ☐ Bench Trial [Monday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity] Estimated Duration: ___7____ Days | | 03/10/2025 | 03/10/2025 |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine [Wednesday at 9:00 a.m. at least 19 days before trial] | | 02/19/2025 | 02/19/2025 |
| **Event**[1] Note: Hearings shall be on Thursdays at 10:00 a.m.[2] Other dates can be any day of the week. | **Time Computation**[3] | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Thursday] | 6 weeks after scheduling conference | 02/29/2024 | 02/29/2024 |
| Fact Discovery Cut-Off (no later than deadline for filing dispositive motion) | 24 weeks before FPTC | 08/14/2024 | 08/14/2024 |
| Expert Disclosure (Initial) | 23 weeks before FPTC | 08/28/2024 | 08/28/2024 |
| Expert Disclosure (Rebuttal) | 21 weeks before FPTC | 09/11/2024 | 09/11/2024 |
| Expert Discovery Cut-Off | 19 weeks before FPTC[4] | 09/25/2024 | 09/25/2024 |
| Last Date to file Dispositive Motions | | 10/10/2024 | 10/10/2024 |
| Last Date to Hear Motions [Thursday] <br> • Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Frimpong's website | 12 weeks before FPTC | 11/21/2024 | 11/21/2024 |
| Deadline to Complete Settlement Conference [L.R. 16-15] Select one:  ☐ 1. Magistrate Judge (with Court approval) ☐ 2. Court Mediation Panel ☒ 3. Private Mediation | 10 weeks before FPTC | *12/11/2024* | *12/11/2024* |
| Trial Filings (first round) <br> • Motions in Limine <br> • Memoranda of Contentions of Fact and Law [L.R. 16-4] <br> • Witness Lists [L.R. 16-5] <br> • Joint Exhibit List [L.R. 16-6.1] <br> • Joint Status Report Regarding Settlement <br> • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only) <br> • Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 01/22/2025 | 01/22/2025 |

---

[1] The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2] By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3.
[3] The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. But in every case, the last date to hear motions shall be no later than eight (8) weeks before the deadline for Trial Filings (First Round), and the deadline for Trial Filings (First Round) and Trial Filings (Second Round) must be no later than four (4) and two (2) weeks before the FPTC, respectively.
[4] The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.

[4417604.3]

| | | | |
|---|---|---|---|
| <u>Trial Filings</u> (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 02/05/2025 | 02/05/2025 |

[4417604.3]